UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHEN JAMES PANTAZES,

      Plaintiff,

v.                                                                Case No:   6:14-cv-1172-Orl-22TBS

TRANSFIELD SERVICES
INFRASTRUCTURE INC. and BREVARD
COUNTY GOVERNMENT,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      This case comes before the Court on *pro se* Plaintiff Stephen J. Pantazes's application to proceed in district court without prepaying fees or costs, which the court construes as a motion to proceed *in forma pauperis*.  (Doc. 2).   On July 30, 2014, I deferred ruling on Plaintiff's motion and granted him an opportunity to amend his complaint.  (Doc. 3).   Plaintiff filed his amended complaint on August 20, 2014.   Now, for the reasons that follow, I respectfully recommend that the Court **deny** the motion and **dismiss** this case **without prejudice**.

### Legal Standard

      An individual may be allowed to proceed *in forma pauperis* if he declares in an affidavit that he "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief

against a defendant who is immune from such relief." Id. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the lawsuit *sua sponte*. See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

### Plaintiff's Amended Complaint

Plaintiff alleges that at about 1:00 a.m., on May 8, 2014, he pulled into the northbound rest stop on I-95 at Mims, Florida to use the restroom. (Doc. 4). Before he could exit his vehicle, he was approached by a uniformed guard employed by Defendant Transfield Services Infrastructure, Inc., who ordered him to "drive on." (Id., at 1). When Plaintiff objected, he was ordered to wait in his car. Approximately 30 minutes later, he was yanked out of his car, searched and ordered to stand at the rear of his car where he was interrogated by Brevard County, Florida deputy sheriffs and Transfield security guards. Then one of the Brevard County deputies ordered Plaintiff to leave the rest stop or be arrested for trespassing. Plaintiff complied. Later, he passed out and hit a deer. In addition to the physical damage to his vehicle, he claims physical and mental damages including PTSD.

Plaintiff's amended complaint concludes by citing and providing information on six cases.   In Gilmore v. City of Montgomery, Ala., 417 U.S. 556 (1974), the Court held that the City of Montgomery, Alabama could not allocate exclusive possession and control of its recreational parks to all-white private schools and groups affiliated with those schools, for official athletic contests and similar functions, at a time when the city was under order to desegregate its parks and school system.

In Am. Ass'n of People with Disabilities v. Harris, 647 F.3d 1093 (11th Cir. 2011), the Court found that voting machines are not "facilities" under the Americans with Disabilities Act ("ADA") regulation requiring altered facilities to be accessible to and usable by individuals with disabilities. Therefore, an optical scan voting system did not violate the ADA.

In Ass'n for Disabled Am. v. City of Orlando, 153 F. Supp. 2d 1310 (M.D. Fla. 2001), the Court held that modifications the City of Orlando made to the Bob Carr Performing Arts Centre and Orlando Arena following enactment of the ADA did not require the City to make the facilities fully accessible, or bring seating and concession stands into compliance with the ADA. The Court also found that both facilities were readily accessible to disabled patrons; and that the disabled patrons failed to establish that they were excluded from the facilities.

In Fils v. City of Aventura, 768 F. Supp. 2d 1188 (S.D. Fla., 2010) *affirmed in part, reversed in part, and remanded* by Fils v. City of Aventura, 647 F.3d 1272 (11th Cir. 2011), two plaintiffs sued the City of Aventura, its chief of police, and six officers alleging deprivation of their constitutional rights after they were arrested.   The decision discusses qualified immunity for law enforcement officers; the Fourth Amendment right to be free from unreasonable searches and seizures; probable cause; claims of excessive force,

false arrest, false imprisonment and malicious prosecution; the crime of resisting arrest

without violence under Florida law; claims pursuant to 42 U.S.C. § 1983; and vicarious

liability.

In <u>Dial v. State</u>, 798 So .2d 880 (Fla. 4th DCA 2001) the Florida Fourth District

Court of Appeal held that an affidavit based upon statements made by the defendant's

daughter did not provide a substantial basis for concluding that probable cause existed to

issue a warrant to search the defendant's home.

In <u>U.S. v. Griffin</u>, 730 F.3d 1252 (11th Cir. 2013), the Court denied an *en banc*

hearing in a case where defendant was stopped during the investigation of an attempted

shop lifting. The issue was whether there was reasonable suspicion for officers to believe

defendant was armed and dangerous, warranting a pat-down search of his body for

weapons.

## Analysis

Federal district courts are courts of limited jurisdiction.   As a general matter, an

action must be dismissed if the Court lacks subject matter jurisdiction.   <u>See</u> <u>Steel Co. v.

Citizens for a Better Env't.</u>, 523 U.S. 83, 94 (1998).   Parties seeking to invoke the Court's

jurisdiction must show that the underlying claim is based upon either diversity jurisdiction

or the existence of a federal question (i.e "a civil action arising under the Constitution,

laws, or treaties of the United States").   <u>See</u> 28 U.S.C. §§ 1331-1332.   A federal district

court "has the obligation to review [on its own motion] whether it has subject matter

jurisdiction" and if jurisdiction is found to be lacking, the court cannot proceed, and its sole

remaining duty is to state that it lacks jurisdiction and dismiss the case.   <u>Fla. Wildlife

Fed'n., Inc. v. S. Fla. Water Mgmt. Dist.</u>, 647 F.3d 1296, 1302 (11th Cir. 2011).   Plaintiff

has not alleged how or why the Court has subject matter jurisdiction.

To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief.   FED. R. CIV. P. 8(a).   The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity.   FED. R. CIV. P. 10.   Relevant facts should be segregated to each of the respective claims.   See Beckwith v. Bellsouth Telecoms, Inc., 146 Fed. App'x. 368, 372 (11th Cir. 2005). Although district courts apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, even pro se litigants must allege the essential elements of their claims for relief.   See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

Plaintiff's complaint fails to list the pertinent facts in numbered paragraphs and fails to state any claim upon which relief could be granted, in violation of FED. R. CIV. P. 8(a). (Docs. 1, 4). The Court is unclear as to which of Plaintiff's rights were allegedly violated. Plaintiff has identified the "Brevard County Government" as a Defendant but has failed to allege that his injury was the result of state action.   He has also failed to articulate his claim against the Brevard County Government under 42 U.S.C. § 1983.   Section 1983 establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction.   42 U.S.C. § 1983.   The purpose of the statute "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."   Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254-57 (1978)). Section 1983 is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights.   Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). Plaintiff has not identified a legitimate basis for a section 1983 claim against the Brevard

County Government.   Lastly, Plaintiff has not alleged a connection between the officers about whom he complains and Defendant Transfield Services Infrastructure, Inc., or otherwise allege a basis for Transfield's liability.

Conclusion

For these reasons, I respectfully recommend that the Court **deny** the motion to proceed *in forma pauperis* (Doc. 2), **dismiss** this case **without prejudice**, and direct the Clerk to **close** the file.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.   Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on August 22, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

*Pro se* Plaintiff
Counsel of Record